Per Curiam.

The plaintiff is suing a subcontractor whose duty it was to install certain street light poles in accordance with the requirements of the contract between the general contractor and the City of New York. The plaintiff who was employed by another subcontractor to paint these poles was injured when one of them moved. The ladder on which the plaintiff was standing to do his painting slipped and fell to the ground. The. cause of the slipping of the ladder seems to have been the turning of the pole from the pressure of the ladder and the plaintiff against an arm which was attached to the upper part of the pole.
The court charged the jury that in order for the plaintiff to recover, the jury must find the plaintiff fell because of the failure of.the defendant to use reasonable care in connection with the installation of the pole, <£ to install the pole safely for those whom it had reason to anticipate would naturally and customarily use the pole in the course of the work. ’ ’ There were further statements similar to the one just quoted.
We think the instruction was erroneous and prejudicial to the defendant. The whole duty of the defendant was to install the poles in accordance with the contract conditions existing between the City of New York and the general contractor. The defendant had no discretion whatever to erect poles in any other manner than that prescribed.
If, on a retrial of the case, the question is disputed as to whose duty it was to construct the fulcrum which supported the pole, that question should be left to the jury.
The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.
Martin, P. J., Townley, Glennon, Callahan and Peck, JJ., concur.
Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.